```
                 UNITED STATES DISTRICT COURT
                  MIDDLE DISTRICT OF FLORIDA
                        TAMPA DIVISION
```

VINCENT J. DAVIERO, et al.,

    Plaintiffs,

v.                        CASE NO:  8:10-cv-2856-T-33EAJ

HARTFORD INSURANCE COMPANY OF
THE SOUTHEAST,

    Defendant.
_____/

**ORDER**

This cause comes before the Court pursuant to Plaintiffs' Motion for Remand (Doc. # 9) and Motion for Attorney's Fees and Costs (Doc. # 10). Defendant Hartford filed Responses thereto (Docs. # 18 and 19, respectively). With leave of Court, Plaintiffs filed a Reply to Hartford's Response to Plaintiffs' Motion for Remand (Doc. # 23) and Hartford filed a Surreply thereto (Doc. # 32).

This action was removed by Hartford based on complete diversity jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiffs move this Court to remand this action as Hartford was a Florida corporation on the date of removal, and, under 28 U.S.C. § 1332(a), a corporation is deemed to be a citizen of both its state of incorporation and the state in which it maintains its principal place of business. As such,

Plaintiffs argue that complete diversity was lacking upon removal. This Court agrees that it lacks subject matter jurisdiction over this action as discussed below.

For removal, diversity jurisdiction has to exist at the time of removal. <u>Bujanowski v. Kacontes</u>, 359 Fed. App'x 112, 113 (11th Cir. 2009)(citing <u>Behlen v. Merrill Lynch</u>, 311 F.3d 1087, 1095 (11th Cir. 2002)). Diversity jurisdiction actions "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(the forum defendant rule). In a case that has been removed, the defendant has the burden of showing the existence of subject matter jurisdiction by a preponderance of the evidence. See <u>Hobbs v. Blue Cross Blue Shield of Ala.</u>, 276 F.3d 1236, 1242 (11th Cir. 2001). Further, "all doubts about jurisdiction should be resolved in favor of remand to state court." <u>Univ. of S. Ala. v. Am. Tobacco Co.</u>, 168 F.3d 405, 411 (11th Cir. 1999)(citations omitted).

The Court finds that Plaintiffs have conclusively shown that Hartford was a Florida corporation on the date of removal. The fact that Hartford may have received permission from the state agency regulating insurance to re-domesticate itself does not negate the fact that it remained a Florida

2

Plaintiffs argue that complete diversity was lacking upon removal. This Court agrees that it lacks subject matter jurisdiction over this action as discussed below.

For removal, diversity jurisdiction has to exist at the time of removal. <u>Bujanowski v. Kacontes</u>, 359 Fed. App'x 112, 113 (11th Cir. 2009)(citing <u>Behlen v. Merrill Lynch</u>, 311 F.3d 1087, 1095 (11th Cir. 2002)). Diversity jurisdiction actions "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(the forum defendant rule). In a case that has been removed, the defendant has the burden of showing the existence of subject matter jurisdiction by a preponderance of the evidence. See <u>Hobbs v. Blue Cross Blue Shield of Ala.</u>, 276 F.3d 1236, 1242 (11th Cir. 2001). Further, "all doubts about jurisdiction should be resolved in favor of remand to state court." <u>Univ. of S. Ala. v. Am. Tobacco Co.</u>, 168 F.3d 405, 411 (11th Cir. 1999)(citations omitted).

The Court finds that Plaintiffs have conclusively shown that Hartford was a Florida corporation on the date of removal. The fact that Hartford may have received permission from the state agency regulating insurance to re-domesticate itself does not negate the fact that it remained a Florida

2

corporation with the state agency that regulates corporations. As such, the forum defendant rule as set forth in 28 U.S.C. § 1441(b) has been violated, and this Court lacks subject matter jurisdiction over this action. Accordingly, the motion to remand must be granted.

Plaintiffs also request an award of attorney's fees and costs incurred as a result of challenging the removal. Title 28 U.S.C. § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal." It is completely within the Court's discretion whether or not to award attorney's fees pursuant to this statute. Tran v. Waste Mgmt., Inc., 290 F. Supp. 2d 1286, 1295 (M.D. Fla. 2003). However, "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 136 (2005).

In this case, the Court cannot find that Hartford did not have an objectively reasonable basis for removal. Hartford believed that its re-domestication from Florida to Connecticut with the state insurance-regulating agency negated its classification as a Florida corporation for diversity

purposes. Although an erroneous belief, the Court finds it an objectively reasonable basis for removal. As such, Plaintiffs' motion for attorney's fees and costs is denied.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1)  Plaintiffs' Motion for Remand (Doc. # 9) is **GRANTED**.

(2)  Plaintiffs' Motion for Attorney's Fees and Costs (Doc. # 10) is **DENIED**.

(3)  The Clerk is directed to remand this case to state court and to close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 6th day of April, 2011.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record

4